**KACZENSKI, Plaintiff-Appellant, v. KACZENSKI, Executor of the estate of JOE KACZYNSKI, a. k. a. JOE KACZNUSKI, Deceased.**

Ohio Appeals, Seventh District, Trumbull County.

No. 1438. Decided June 17, 1959.

Gessner & Platt, Cortland, for plaintiff-appellant.
David A. Dull, Warren, for defendant-appellee.

## OPINION

By GRIFFITH, PJ.

This is an appeal on questions of law from a final order· of the Court of Common Pleas of Trumbull County wherein that court upon motion quashed service of summons upon a non-resident fiduciary.

The fiduciary was a resident of Erie, Pennsylvania, and was appointed executor of the estate of Joe Kaczenski by the Probate Court of Trumbull County.

The plaintiff had filed a claim against the estate, and the same had been rejected, and thereupon, in due season, he filed a petition in the Common Pleas Court for a recovery of his claim, making use of §2109.03 R. C.

In the caption of his petition plaintiff gave the address of the defendant-executor at Erie, Pennsylvania, but made no mention of him otherwise in the body of the petition.

Before service by publication can be made (§2703.15 R. C.), an affidavit must be filed that service of summons cannot be made within this state on the defendant. Failure to state that service can not be made on such non-resident in this state is fatal to the service and the court does not acquire jurisdiction over such person. **Beachler et al, v. Ford et al, 77 Oh Ap 41.**

**Sec. 2109.03 R. C.,** provides, among other things, that if the fiduciary is absent from the state such attorney shall be the agent of the fiduciary upon whom service of summons may be made.

We conclude that if the fiduciary is not absent from the state then the attorney named by the fiduciary is in no wise his agent upon whom summons may be served, but is merely an attorney representing the fiduciary in matters that may arise relating to the trust.

Agency is always a matter of proof. In the instant case the agency is created by operation of law.

David A. Dull was the attorney designated by the defendant-executor, whose name was filed in the Probate Court. He is the attorney and nothing more in the absence of a positive allegation in the petition, or an affidavit attached thereto, that the fiduciary is absent from the state.

The special section of the Code, §2109.03 R. C., places a condition upon the right to serve summons upon such attorney, and that is that the fiduciary be absent from the state.

There is a wide distinction upon the status of an attorney for the fiduciary and an agent of a fiduciary upon whom summons, citations, and notices may be served.

This special statute providing for service upon the agent of the fiduciary requires the one seeking the service of summons to affirmatively allege in the body of the petition that the fiduciary is absent from the state.

The burden is upon the one seeking such service in order to have the benefit and advantage of this section of the Code to show that he has complied with its provisions.

The mere fact that the caption of the petition gives the address of the defendant-fiduciary as 420 Reed Street, Erie, Pennsylvania, is not sufficient. It is not equivalent to an affirmation that the fiduciary is absent from the state, and thereby the attorney whose name is on file in the Probate Court is the agent of the fiduciary.

The provisions of the statute were not complied with. The service of summons attempted to be made upon David A. Dull, attorney for John Kaczenski, Executor, is void and the Common Pleas Court did not acquire jurisdiction over the defendant-fiduciary.

The judgment of the Court of Common Pleas in quashing the service of summons under the plain provisions of §2109.03 R. C., must be and the same hereby is affirmed.

Judgment affirmed.

PHILLIPS, J, concurs.
DONAHUE, J, dissents.

### DISSENTING OPINION

By DONAHUE, J.

The question in this case is purely jurisdictional. Did the court attain jurisdiction of the non-resident executor by service on the attorney, listed by him in the estate?

**Sec. 2109.03 R. C.,** provides that the attorney of record shall be the agent of the fiduciary where such fiduciary is absent from the state.

Service by way of publication is also provided for by Code for out-of-state service, §2703.14 R. C. This section is limited by §2703.15 R. C., requiring an affidavit to be filed showing the absence of the party to be served.

No such limitation is specifically set out in the Code as regarding §2109.03 R. C.

We have another section of the Code which I feel is analogous, §2703.20 R. C., providing for service on non-resident motorists by making the Secretary of State the agent of all absentee motorists for purpose of suits following accidents occurring in Ohio. No statutory requirement for an affidavit is required by statute in regards to this section.

We do have a case under this section, **Blackwell v. Columbus & Southern Ohio Electric Co. et al, 65 Abs 222, 113 N. E. (2nd) 676.**

In that case, nothing in the body of the petition alleged that defendant was absent from the state. The caption actually showed defendant's address as in Cleveland, Ohio. Summons was returned showing defendant not found and indicating defendant was absent from the state, and was living in Florida. A second praecipe requested service upon the Secretary of State, with the defendant "now a non-resident," but showing his last known address as of Cleveland.

The court held that "* * * plaintiff was not required to allege affirmatively in petition that defendant had removed himself from state * * *."

In other words, they, in effect, said that it was not a prerequisite that plaintiff prove defendant's absence before service was made.

I believe that the code sections are analogous. Both provide for service on a statutory agent, in derogation of common law. Neither section specifically requires an affidavit, as does the section on service by publication. And I feel that until the absence from the state is denied, there is no necessity for proving the absence beyond what was done in this case.

The basis for these two sections is clear. In neither case does the state want the parties to get beyond reach. If anything, the fiduciary section, which requires a positive act of appointing an attorney of record who will be the agent, rather than the mere acquiescence by driving on the state's roads, is the stronger.

It is my opinion that the defendant here has the duty of making some showing that he was not absent at the time of service on his attorney, before such service may be quashed. I might add that the attempt to quash here is an attempt to prevent, by way of a technicality, plaintiff from proving his claim, thus denying him his day in court.

This judgment should be set aside and the cause remanded for further proceedings.